<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARWIN F. TORRES,<br><br>　　　　Petitioner,<br><br>v.<br><br>KENNETH GENALO, *et al.*,<br><br>　　　　Respondents. | Case No. 2:25-cv-15447 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Before the Court is Petitioner Darwin F. Torres' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention. (ECF No. 1.) Respondents filed a letter answer, submitting that the Petition should be dismissed as moot because Petitioner was removed to Honduras. (ECF No. 23.) Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's § 2241 Petition is **DISMISSED** as moot.

**I.　BACKGROUND**

　　Petitioner, a citizen of Honduras, entered the United States and has had a final order of removal, 18 U.S.C. § 1231, since 2002. (ECF No. 1 at 4.) Petitioner was ultimately released from Immigration Customs and Enforcement ("ICE") custody after ICE was unable to obtain travel documents to Honduras. (*Id.*) On September 2, 2025, ICE re-detained Petitioner to effectuate his removal. (*Id.* at 5.)

On September 5, 2025, Petitioner filed his initial counseled habeas petition in the United States District Court for the Eastern District of New York, arguing his continued detention violated the United States Constitution pursuant *Zadvydas v. Davis*, 533 U.S. 678 (2001),[1] as there was no likelihood of his removal to Honduras in the reasonably foreseeable future. (*See generally* ECF No. 1.) On September 10, 2025, upon stipulation of the parties, the Eastern District of New York transferred the matter to this Court. (ECF No. 16.) The Court ordered an answer. (ECF No. 18.)

On November 15, 2025, Respondents submitted a letter answer requesting Petitioner's Petition be dismissed as moot. (ECF No. 23.) Respondents assert Petitioner was removed to Honduras pursuant to his final order of removal on November 10, 2025. (*See id.* at 1) Respondents argue Petitioner's removal renders the Petition moot, as there is no longer a "case or controversy." (*Id.* at 1–2.) Petitioner has not replied.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687. The burden is on the petitioner to show he or she is in custody in

---

[1] In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held the Immigration and Nationality Act's ("INA") post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."

violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.   DECISION**

The Petition seeks Petitioner's release from custody. (ECF No. 1 at 11.) Respondents have moved for the dismissal of the Petition, arguing Petitioner's removal to Honduras renders the Petition moot, and it no longer presents a live case or controversy. (ECF No. 23 (citing *Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016); *Kurtishi v. Cicchi*, 270 F. App'x 197, 199–200 (3d Cir. 2008) (affirming district court's dismissal of petition as moot because the petitioner was no longer detained and had already been deported, noting "[i]n view of Kurtishi's deportation, there are no remaining collateral consequences that may be redressed by success on Kurtishi's challenge under § 2241 to his 'continued restraint by DHS-ICE'")).)

"Article III of the [United States] Constitution limits federal 'judicial power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Id.* (citing *DeFoy*, 393 F.3d at 441).

As the United States Court of Appeals for the Third Circuit has recognized, administrative action taken by immigration officials addressing the concerns raised by a non-citizen's habeas petition renders that petition moot. *See Burke v. Gonzales*, 143 F. App'x 474, 476 (3d Cir. 2005).

3

For instance, a habeas petition challenging the petitioner's continued detention by ICE, on the ground that there is no significant likelihood of removal in the reasonably foreseeable future, is rendered moot once the petitioner is released from detention pending his removal from the United States. *See Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005). Similarly, a habeas petition challenging the legality or duration of a petitioner's detention by ICE is rendered moot once the petitioner has been removed or deported from the United States. *See Lindaastuty v. Att'y Gen.*, 186 F. App'x 294, 298 (3d Cir. 2006).

Here, Respondents submit Petitioner has been removed from the United States. Petitioner's Petition sought release from detention or a hearing on the likelihood of his removal in the foreseeable future pursuant to *Zadvydas v. Davis*. (*See* ECF No. 1.) In *Vasquez*, the Third Circuit stated "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" 639 F. App'x at 902 (quoting *DeFoy*, 393 F.3d at 442). Because the petitioner's alleged collateral consequence was incapable of being redressed by any court, the court affirmed the district court's dismissal of the habeas petition as moot. *Id.* (citing *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007)). Here, the Petition did not assert collateral consequences that the Court could have redressed. *See Vasquez v. Aviles*, Civ. A. No. 15-2341, 2015 WL 1914728, at *2–3 (D.N.J Apr. 24, 2015) (citing *Abdala*, 488 F.3d at 1064–65), *aff'd*, 639 F. App'x 898 (3d Cir. 2016).

Petitioner has obtained the relief he requested in his Petition, *i.e.*, release from custody, and there is no additional relief the Court can provide. The Petition is therefore dismissed as moot.

**IV.    CONCLUSION**

For the reasons stated above, the Petition (ECF No. 1) is **DISMISSED** as moot. An appropriate Order follows.

                                               */s/ Brian R. Martinotti*
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**

Dated: January 21, 2026